

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 31, 1939

Mr. J. F. Bryan
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-453
Re: Stock laws - Sheriff may not
impound stock on owner's property.

Your request for opinion upon the following
question:

"Would sheriff have authority to im-
pound unherded cattle on unfenced land of
owner which land is cut by public road?"

has been received by this Department.

We quote from your letter to Sheriff Johnson
in part as follows:

"You have asked me whether or not since
a stock law has been voted in this county you
would be authorized to impound cattle in the
following situation:

"A man owns a tract of land that is cut
by a county road or highway. The owner's
land extends on both sides of the road or
highway. There are no fences along the high-
way or road; that is, the landowner's proper-
ty is not fenced off from the highway and
there is nothing to keep his cattle from going
from his land on to the highway.

"You want to know if, when in such a case

where the owner is not having his cattle
herded but the cattle are not on the high-
way, that you could go on the owner's land
and impound the cattle. It is my opinion
that you could not do this."

We wish to express our appreciation for the
able brief which you submitted to us. This excellent
brief has aided us greatly in passing upon this question.
Article 6965, Revised Civil Statutes of Texas reads as
follows:

"It shall be the duty of any sheriff
or constable of any county, or subdivision
thereof, within this State, where the pro-
visions of this chapter are or may hereafter
become operative, to seize any stock which
may become known to him to be running at
large on any outside premises where the pro-
visions of the stock law are in force, and
impound the same in some place provided for
that purpose, and immediately notify the
owner thereof, if such owner is known to such
officer, who may redeem the same on the pay-
ment of an impounding fee of one dollar per
head, and an additional fee of twenty-five
cents per day per head for each day such
stock is so kept."

Article 6966, Revised Civil Statutes of Texas,
reads as follows:

"If any stock forbidden to run at large
shall enter the inclosed lands, or shall,
without being herded, roam about the residence,
lots or cultivated lands of any person other
than the owner of such stock without his con-
sent, in any county or subdivision in which
the provisions of this chapter have become
operative in the manner provided in this chap-
ter, the owner, lessee, or person in lawful
possession of such lands may impound such
stock and detain the same until his fees and
all damages occasioned by said stock are paid
to him; provided that no animals shall be

impounded except as provided in the preceding article, unless they have entered upon the inclosed lands or be found roaming about the residence, lots or cultivated land of another, and, whenever any stock is impounded, notice thereof shall be given to the owner, if known, and such owner shall be entitled to their possession upon payment of feesaand damages."

Article 6938, Revised Civil Statutes of Texas, reads as follows:

"If any stock forbidden to run at large shall enter the inclosed lands, or shall, without being herded, roam about the residence, lots or cultivated land of any person, other than the owner of such stock, without his consent, in any county or subdivision in which the provisions of this subdivision have become operative in the manner provided in the preceding articles, the owner, lessee or person in lawful possession of such lands may impound said stock and detain the same until his fees and all damages occasioned by said stock are paid to him. No animals shall be impounded unless they have entered upon the inclosed lands andshall be found roaming about the residence, lots, or cultivated land of another; and whenever any stock is impounded notice thereof shall at once be given to the owner, if known, and such owner shall be entitled to their possession upon payment of fees and damages."

Article 1369, Penal Code of Texas, reads as follows:

"Whoever shall wilfully turn out or cause to be turned out on land not his own or under his control or wilfully fail or refuse to keep up any stock, prohibited by law from running at large in any county or subdivision of any county in which the stock

law has been adopted, or wilfully allow such
stock to trespass upon the land of another
in such county or subdivision thereof, or
wilfully permit to run at large any stock
of his own, or of which he is the agent or
of which he has the control, and not per-
mitted to run at large in any county or sub-
division of any county in which the stock
law has been adopted, shall be fined not
less than five nor more than fifty dollars."

Article 1370, Penal Code of Texas reads as
follows:

"Whoever shall knowingly permit any hor-
ses, mules, jacks, jennets, and cattle to
run at large in any territory in this State
where the provisions of the laws of this
State have been adopted prohibiting any of
such animals from running at large shall be
fined not less than five nor more than two
hundred dollars."

Texas Jurisprudence, Vol. 39, page 369, Sec. 55
reads as follows:

"Running at large has been defined as
strolling without restraint or confinement
or wandering, roving or rambling at will un-
restrained."

"In a territory in which the law has
been duly adopted, the land owner is guilty
of no fault or negligence in failing to fence
against the animals which are forbidden to
roam the county at will. The owners of such
stock must keep the same confined at their
peril, else they will be held liable to ac-
count for the damages which may be inflicted
on their neighbors by such animals."

1 Ruling Case Law, page 1146, reads in part as
follows:

"The Right of the State to enact legis-

lation prohibiting animals from running at large and providing for the taking up and impounding thereof when so found, is unquestionably a legitimate exercise of the police power designed to protect the public at large in the use and enjoyment of the public streets."

Corpus Juris, Vol. 3, page 181, Sec. 612, reads as follows:

"An animal on the land of its owner or on the land of another, whether with or without the permission of the latter is not at large unless the statute so provides."

Corpus Juris Secundum, Vol. 3, page 1232, reads as follows:

"Animals on the land of their owner are not at large."

Corpus Juris, Vol. 3, page 183, Sec. 633, reads in part as follows:

"Any animal to be lawfully impounded, **must be running at large, in a place, and at a time,** when such running at large is prohibited by the statute."

Therefore, you are respectfully advised that it is the opinion of this Department that as long as stock remained on the owner's own property, they would not be running at large, nor would the sheriff then have the right to impound them, nor would the owner then be guilty of criminal violation of the stock laws.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL